UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD WEDDLE,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>RENEE BAKER et al.,<br><br>　　　　　　　　　　Defendants. | Case No.  3:14-cv-00241-MMD-WGC<br><br>ORDER |

**I.    DISCUSSION**

On July 24, 2014, this Court issued a screening order and stayed the case for 90 days to give the parties an opportunity to settle their dispute.  (Dkt. no. 4.)  On August 19, 2014, Plaintiff filed a motion for more definite statement which this Court construed as a motion for reconsideration. (Dkt. no. 7, 8.) On August 25, 2014, this Court vacated the original screening order and entered an amended screening order. (Dkt. no. 8 at 8.) In the amended screening order, this Court permitted Counts I and II and part of Count III to proceed.  (*Id.*)

On August 26, 2014, Plaintiff filed a notice to appeal this Court's original screening order. (Dkt. no. 9.) On August 28, 2014, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis* on appeal because the Court had vacated the order Plaintiff was trying to appeal. (Dkt. no. 12.) On September 25, 2014, the Ninth Circuit Court of Appeals dismissed the appeal. (Dkt. no. 19.)

Currently, before the Court are a motion to vacate this Court's amended screening order, a motion to extend prison copywork limit, a motion to reconsider the

denial of application to proceed *in forma pauperis* on appeal, and a motion to order the clerk of the court. (Dkt. no. 13, 15, 16, 18.)

### A.  MOTION TO VACATE

In this motion, Plaintiff wants this Court to vacate its amended screening order because he wants to appeal this Court's original screening order. (Dkt. no. 13.) The Court denies this motion because doing so would result in the reinstatement of counts that the Court had previously dismissed with prejudice in its amended screening order. Moreover, the amended screening order governs claims that may proceed in this case. Plaintiff has the right to appeal the Court's amended screening order at the conclusion of this case should he wish to do so.

### B.  MOTION TO EXTEND PRISON COPYWORK LIMIT

Plaintiff has filed a motion to extend his copy work limit. (Dkt. no. 15.) An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). In this case, the Court grants Plaintiff's request to extend his copy work account limit by another $5.00.

### C.  MOTION FOR RECONSIDERATION

In this motion, Plaintiff wants this Court to reconsider its denial to continue his *in forma pauperis* status on appeal. (Dkt. no. 16.) The Court denies this motion as moot because the Ninth Circuit dismissed Plaintiff's appeal.

### D.  MOTION TO ORDER CLERK OF COURT

In this motion, Plaintiff seeks an order requiring the Clerk of the Court to notify Plaintiff of any changes made to the civil docket by mailing Plaintiff a copy of the changes. (Dkt. no. 18.) Plaintiff states that he has written the Clerk of the Court to

provide him a civil docket sheet and that he has been told that he must pay $0.40 for the document. (*Id.* at 2.) Plaintiff states that he does not have any money and cannot pay for the document. (*Id.*)

The Court denies the motion. Plaintiff's *in forma pauperis* status does not entitle Plaintiff to free copies of documents from the Clerk's Office. The Clerk's Office has correctly informed Plaintiff that "[t]here is a per page charge for copy work. Copies produced from an electronic format (CM/ECF) are $.10 per page; copies produced from a physical format are $.50 per page."

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion to vacate (dkt. no. 13) is denied.

It is further ordered that the motion to extend prison copy work limit (dkt. no. 15) is granted in the amount of $5.00. The Nevada Department of Corrections shall extend Plaintiff's prison copy work limit by another $5.00.

It is further ordered that the motion for reconsideration (dkt. no. 16) is denied as moot.

It is further ordered that the motion to order Clerk of Court (dkt. no. 18) is denied.

DATED THIS 27th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE