UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD WEDDLE, | ) | 3:14-cv-00241-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | June 25, 2015 |
| RENEE BAKER, et al., | ) | |
| Defendants. | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is "Plaintiff's Motion to Strike Defendants' Opposition to Motion for Preliminary Injunction. Sanctions 11(c) Be Imposed." (Doc. # 45.) Defendants have responded. (Doc. # 48.) Because of the patently frivolous nature of Plaintiff's motion, the court is not going to await the filing of any reply memorandum by Plaintiff.[1]

Plaintiff filed a Motion for Preliminary Injunction. (Doc. # 35, April 24, 2015.) Defendants are entitled to file a response. LR 7-2(b). Defendants did so. (Doc. # 39, May 8, 2015.) If Plaintiff had any objection to the form or content of Defendants' opposition, the appropriate place to do so would have been in a reply memorandum.  Plaintiff chose not to file any reply memorandum but apparently instead chose to attack Defendants' Response in the form of a motion to strike.

Motions to strike are authorized under Fed. R. Civ. P. 12(f) as pertaining to "pleadings." An opposition to a motion for preliminary injunction is not a pleading. Technically, therefore, a motion under Rule 12(f) is not appropriate to attack the content of a "memorandum." However, to the extent the court may entertain a motion to strike a memorandum such as Defendants' response, for the reasons stated above, Plaintiff's motion to strike is rejected. Again, if Plaintiff contends Defendants

---

[1] This order pertains only to the merits of Plaintiff's motion to strike (Doc. # 45) and does not address any of the substantive issues related to Plaintiff's motion for preliminary injunction  (Doc. # 35).

MINUTES OF THE COURT
3:14-cv-00241-MMD-WGC
Date:  June 25, 2015
Page 2

misrepresented any legal or factual authority in their opposition to Plaintiff's motion for preliminary injunction, the appropriate vehicle to attack those representations would be in responsive memorandum, not in a separate motion to strike.

Although the court finds the motion to strike to be without merit – and hence no basis for sanctions – Plaintiff also failed to comply with the "safe harbor" provisions of Rule 11 of the Federal Rules of Civil Procedure. Therefore, a motion for sanctions, which was appended to Plaintiff's motion to strike, should not be considered by the court.

Plaintiff is cautioned, and indeed forewarned, that any further patently frivolous motions, such as the instant matter (or Plaintiff's motion for sanctions for the Defendants seeking an extension of time to respond to Plaintiff's motion to compel (Doc. # 50), which the court has this date also denied in a separate order) will result in the court's imposition of penalties and sanctions against Plaintiff.

Plaintiff's motion to strike (Doc. # 45) is **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:  _____/s/_____
           Deputy Clerk