UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD WEDDLE,<br><br>                          Plaintiff,<br>   v.<br><br>RENEE BAKER, *et al*,<br><br>                          Defendants. | Case No. 3:14-cv-00241-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 66) ("R&R"), recommending the Court deny Plaintiff Richard Weddle's Motion for Preliminary Injunction (dkt. no. 35). An objection to the R&R was timely filed by Plaintiff (dkt. no. 71), and Defendants filed a response to the objection (dkt. no. 75).  The Magistrate Judge also issued a Report and Recommendation (dkt. no. 70), recommending the Court grant Defendants' Motion for Summary Judgment (dkt. no. 57). Plaintiff requested a thirty day extension of time, up to and including February 27, 2016, to file his objection to the Magistrate Judge's R&R relating to summary judgment. (Dkt. no. 72.) However, the quested thirty day deadline has expired, and Plaintiff has failed to file his objection.

**II.    BACKGROUND**

After screening and re-screening pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff states colorable claims under the Free Exercise Clause and permitted Plaintiff to proceed on three counts: count I against Defendants Sandoval,

1  Baker and Moore for being denied a kosher diet on January 11, 2012; count II against
2  Defendants Youngblood and Williams for being denied kosher meals while he was
3  housed at Southern Desert Correctional Center ("SDCC"); and count III against
4  Defendants Stogner and Deal for being denied kosher meals at Lovelock Correctional
5  Center ("LCC"). (Dkt. no. 8.) The allegations and evidence relating to Plaintiff's claims
6  are detailed in the "Summary of Facts" section in the R&R relating to summary judgment,
7  which the Court adopts. (Dkt. no. 70 at 6-9.)

## III.   DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

While Plaintiff has timely objected only to the R&R relating to preliminary injunction, the Court has nevertheless engaged in a *de novo* review to determine

whether to adopt Magistrate Judge Cobb's Reports and Recommendations. Upon reviewing the two Reports and Recommendations and underlying briefs, this Court finds good cause to adopt the Magistrate Judge's two Reports and Recommendations in full.

The Magistrate Judge recommends denying Plaintiff's Motion for Preliminary Injunction because Plaintiff has failed to establish the requirements for obtaining preliminary injunctive relief. (Dkt. no. 66.)  In his objection, Plaintiff essentially reargues the Court's amended screening order and discovery rulings. (Dkt. no. 71.) Moreover, because the Court adopts the Magistrate Judge's recommendation to grant summary judgment, Plaintiff's Motion for Preliminary Injunction would be denied as moot at this point.

The Magistrate Judge recommends granting summary judgment because the undisputed facts do not support Plaintiff's claims that (1) Defendants Sandoval, Baker or Moore denied Plaintiff a meal during his transport from ESP to SDCC on January 11, 2012 (count I); (2) Defendant Youngblood and Williams engaged in conduct which prohibited Plaintiff from practicing his religion when he was at SDCC (count II); and (3) Defendants Stogner and Deal engaged in conduct which prohibited Plaintiff from practicing his religion at LCC. (Dkt. no .70.) The Court agrees with the Magistrate Judge's reasoning and will adopt his recommendations.

**IV.   CONCLUSION**

It is therefore ordered that Magistrate Judge William G. Cobb's Report and Recommendation (dkt. no. 66) to deny preliminary injunctive relief is accepted and adopted in its entirety.  Plaintiff's Motion for Preliminary Injunction (dkt. no. 35) is denied.

It is further ordered that Magistrate Judge William G. Cobb's Report and Recommendation (dkt. no. 70) to grant summary judgment is accepted and adopted in its entirety.  Defendants' Motion for Summary Judgment (dkt. no. 57) is granted.

It is further ordered that Plaintiff's motion for extension of time (dkt. no. 72) is granted *nunc pro tunc*.

///

3

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 21th day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE